UNITED STATES DISTRICT COURT FOR THE WESTERN
DISTRICT OF KENTUCKY
PADUCAH DIVISION

| | |
|---|---|
| **JOSHUA BANKS,** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>)<br>)<br>)<br>**PELLA CORPORATION,** )<br>)<br>)<br>**Defendant.** ) | Civil Action No. 5:08CV-6-R<br>**JURY DEMAND (6)** |

## COMPLAINT

Comes now the Plaintiff, Joshua Banks, by and through his undersigned counsel, and for his Complaint against the Defendant, Pella Corporation, and would aver as follows:

1. The Plaintiff, Joshua Banks, (hereinafter "Plaintiff") is a resident and a citizen of the United States and resides at 5645 Old Paris Murray Road, Paris, TN.

2. The Defendant, Pella Corporation, (hereinafter "Defendant") is a corporation authorized to do business in Calloway County, Kentucky.

3. This action arises under the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12201.

4. This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 as this matter involves a federal question based upon 42 U.S.C. § 2000e-5. The Plaintiff brings this action pursuant to ADA § 107 (a), 42 U.S.C. § 12117 (a), ADA § 107 (a), 42 U.S.C. § 12117 (a), incorporates by reference Title VII of the Civil Rights Act of 1964 (Title VII), 42

U.S.C. § 2000e-5, and the Family Medical Leave Act which grants jurisdiction to this Court.

COUNT I

DISABILITY DISCRIMINATION

5. All preconditions to jurisdiction under § 706 of Title VII, 42 U.S.C. § 2000-5 (f)(3) have been satisfied.

    A. The Plaintiff filed a charge of employment discrimination on the basis of disability with the Equal Employment Opportunity Commission (hereinafter "EEOC").

    B. The EEOC issued a "right to sue" letter to the Plaintiff on November 13, 2007.

    C. The Plaintiff filed this complaint within 90 days of receiving the "right to sue" letter from the EEOC.

6. The Plaintiff has a significant lumbar injury which substantially limits Plaintiff in his major life activities.

7. The Defendant hired the Plaintiff in May of 2005 for the position of "Production Associate."

8. The Plaintiff's job at the time of this work related injury was constructing windows.

9. During all relevant times as set forth in these allegations, John Burress was the Plaintiff's direct supervisor.

10. On or about June 9, 2006, the Plaintiff suffered an on-the-job injury to his lumbar spine. During the course of his medical treatment with Dr. Robert Hughes, an authorized workers' compensation physician, the Plaintiff was placed on medical restrictions.

11. The Plaintiff was also placed on sedentary work restrictions by Dr. Hollis Clark on June 23, 2006, for a one week period and the Plaintiff requested a reasonable accommodation from his employer. The Defendant employer returned the Plaintiff to the production line and told him to use a chair in order to perform his work.

12. The Plaintiff attempted to perform his work with the chair offered by the Defendant employer but the work activity from the chair exacerbated the Plaintiff's medical condition.

13. On or about June 27, 2006, the Plaintiff called the Defendant employer to advise that he could not work that day because he had aggravated his lumbar injury while performing his work in the chair. On the same day, the Plaintiff was called on the telephone by an agent and/or employee of the Defendant employer and was informed that he was "suspended" until further notice.

14. On or about June 29, 2006, the Plaintiff received a letter from his employer indicating that he had been terminated.

15. On said date and times set forth herein, the Plaintiff was an individual with a "disability" within the meaning of ADA § 3(2), 42 U.S.C. § 12102 (2).

16. On said date and time set forth herein, the Plaintiff is a "qualified individual with a disability" within the meaning of ADA § 101(8), 42 U.S.C. § 12111 (8).

17. The Defendant, Pella Corporation is a foreign corporation with its principal office in Pella, Iowa.

18. The Plaintiff, Joshua Banks, is a "person" within the meaning of ADA § 101(7), 42 U.S.C. § 12111 (7), and Title VII, § 701 (a), 42 U.S.C. § 2000e(a).

19. The Defendant, Pella Corporation is engaged in an "industry affecting

commerce" within the meaning of ADA § 101(7), 42 U.S.C. § 12111 (7), and Title VII §§ 701 (g)-(h), 42 U.S.C. §§ 2000e(g)-(h).

20. The Defendant employed more than 15 employees for each working day in more than 20 weeks during the preceding year.

21. The Defendant is an "employer" within the meaning of ADA § 101 (5)(A), 42 U.S.C. § 12111(5)(A).

22. The Defendant is a "covered entity" within the meaning of ADA § 101(2), 42 U.S.C. § 12111 (2).

23. The Defendant Employer did accommodate the Plaintiff by allowing him to use a chair to perform his work on June 26, 2007, with his sedentary work restrictions but should have modified the Plaintiff's work schedule in order to allow the modifications and accommodation an opportunity to work.

24. The Defendant employer hastily and arbitrarily suspended the employee one day after the attempted work accommodation and then terminated him two days later.

25. The Defendant Employer should have engaged in a bona-fide interactive process with the employee to determine the appropriate reasonable accommodation for the Plaintiff on or about June 26 and June 27, 2006, in compliance with the ADA but failed to do so.

26. The Defendant's refusal to make reasonable accommodations for the Plaintiff's disability or perceived disability and its failure to engage in a bona-fide interactive process with the employee, and its decision to terminate the Plaintiff constitutes discrimination against Plaintiff due to his disability in violation of the ADA § 102 (b)(5)(A), 42 U.S.C. § 12112 (b)(5)(A).

27. The Defendant acted with malice and/or with reckless indifference toward

Plaintiff's federally protected rights as a qualified individual with a disability when it refused to make <u>reasonable</u> accommodations for Plaintiff's disability.

28. As a result of the Defendant's discrimination on the basis of disability or perceived disability, the Plaintiff suffered and continues to suffer economic losses, mental anguish, pain and suffering ,and other nonpecuniary losses.

29. The Defendant wrongfully terminated and discriminated against Plaintiff in violation of the ADA § 102(b)(5)(A), 42 U.S.C. § 12112(b)(5)(A) and as a result of a combination of all culpable and improper acts set forth herein.

30. As a result of the Defendant's culpable acts or omissions as set forth herein, the Plaintiff was improperly discriminated against and terminated by the Defendant and is entitled to compensation for past, present and future wages and benefits, incidental damages, compensation for emotional distress, humiliation, mental anguish, embarrassment, pain and suffering and other nonpecuniary loses and for punitive damages.

## COUNT II

### FAMILY AND MEDICAL LEAVE ACT VIOLATION

31. The allegations contained in paragraphs 1through 30 are inclusive and hereby incorporated by reference.

32. The Plaintiff was a full-time employee for over one year with the Defendant Employer.

33. At said date and time, the Defendant Employer employed 50 or more employees within a 75 mile radius of the location where the Plaintiff worked.

34. On or about June 26, 2006, the Plaintiff was being actively treated for a lumbar injury and was placed on sedentary work restrictions for one week by Dr. Hollis, an authorized workers' compensation doctor.

35. On or about June 26, 2006, the Plaintiff attempted to perform his work in a chair that was offered by the Defendant employer but this activity exacerbated his lower back injury.

36. On or about June 26, 2006, the employer contacted the Plaintiff and informed him that he was suspended until further notice.

37. On June 28, 2006, the Defendant employer terminated the Plaintiff from employment with its company.

38. At said date and time, the Plaintiff suffered from a serious medical condition to his low back which was causing significant pain radiating into both lower extremities.

39. The Defendant employer was aware of the Plaintiff's serious medical condition at the time it was notified that the Plaintiff needed to miss time from work due to the injury to his lower back. However, the Defendant employer failed to meet the Plaintiff's request for medical leave and time off in violation of the FMLA.

40. The Defendant employer wrongfully suspended the Plaintiff in violation of FMLA when he notified them of his inability to work due to a serious medical condition and for his need for medical leave.

41. As a result of the Defendant's actions and violations of FMLA, the Plaintiff has suffered irreparable injuries, including but not limited to loss of pay, benefits and other economic losses, emotional pain and suffering, mental anguish, humiliation, embarrassment, personal indignity and other tangible injuries for all of which he should be compensated.

**WHEREFORE PLAINTIFF PRAYS THAT:**

a)  Service of process be issued to the Defendant;

b)  the Defendant file an answer to the Plaintiff's complaint;

c)  for a jury of six to try and hear this matter;

d)  he be compensated for salary and benefits, and accrued interest thereon, from the date of termination until entry of judgment against the Defendant;

e)  for an award of compensatory damages for plaintiff's mental anguish, pain and suffering; embarrassment, humiliation, emotional distress and other nonpecuniary losses;

f)  for an award of punitive damages in an amount to be determined at trial;

g)  for an award of damages against the Defendant in an amount to be determined by the jury;

h)  the Defendant pay Plaintiff's reasonable attorneys' fees and costs of this action;

I)  such other relief as may be just and equitable, and;

j)  for the costs of this matter to be taxed to the Defendant.

Respectfully submitted,

LAW OFFICE OF DONALD D. ZUCCARELLO

/S/ Donald D. Zuccarello
_____
Donald D. Zuccarello, [BPR No. 90951]
3209 West End Avenue
Nashville, Tennessee 37203
(615) 259-8100
(615) 259-8108 Facsimile
Attorney for the Plaintiff.